# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | | |
|---|---|---|
| PHILLIP MARTINEZ, § | | |
|     Plaintiffs, § | | |
| § | | |
| v. § | CIVIL ACTION NO. H-13-0727 | |
| § | | |
| CITIMORTGAGE, INC., § | | |
|     Defendant. § | | |

## MEMORANDUM AND ORDER

This case is before the Court on the Motion to Dismiss [Doc. # 12] filed by Defendant CitiMortgage, Inc. ("CMI"), to which Plaintiff Phillip Martinez filed a Response [Doc. # 13], and CMI filed a Reply [Doc. # 15]. Having reviewed the full record and applicable legal authorities, the Court **grants** the Motion to Dismiss as to the trespass to try title and breach of contract claims, and **denies** the Motion as to the fraud claim.

## I.  BACKGROUND

On June 11, 2007, as part of his purchase of property in Channelview, Texas (the "Property"), Plaintiff executed a Note for $75,000.00 payable to Fieldstone Mortgage Company ("Fieldstone"). Plaintiff also executed a Deed of Trust with Fieldstone as the Lender, Mortgage Electronic Registration Systems, Inc. ("MERS")

as the Beneficiary, and Rob V. Budhwa as the Trustee. The Note and Deed of Trust were transferred to CMI, who acted also as the loan servicer.

During the term of the loan, Plaintiff began to experience financial difficulties. Plaintiff alleges that he contacted CMI and "entered into debt restructuring negotiations in order to modify the terms and conditions of the Note." *See* First Amended Complaint [Doc. # 10], ¶ 8. Plaintiff alleges that during the course of the loan modification process, CMI's "representatives informed [him] that he was not allowed to make any mortgage payments while in loan modification status." *Id.*, ¶ 9. Plaintiff alleges further that CMI's representatives "informed him that he was to ignore any foreclosure notices that he received while in loan modification status [and] that they would not take any action to foreclose on the Property while in loan modification status." *Id.* Plaintiff alleges that CMI wrongfully conducted a foreclosure sale of the Property on November 6, 2012.

Plaintiff filed this lawsuit in Texas state court, asserting causes of action for trespass to try title, breach of contract, and common law fraud. On March 15, 2013, CMI filed a timely Notice of Removal. CMI then filed a Motion to Dismiss, after which Plaintiff filed his First Amended Complaint. Defendant filed a Motion to Dismiss the First Amended Complaint, which has been fully briefed and is ripe for decision.

## II.  STANDARD FOR MOTION TO DISMISS

When considering a motion to dismiss, the complaint must be liberally construed in favor of the plaintiff, and all facts pleaded in the complaint must be taken as true. *Harrington v. State Farm Fire & Cas. Co.*, 563 F.3d 141, 147 (5th Cir. 2009). When there are well-pleaded factual allegations, a court should presume they are true, even if doubtful, and then determine whether they plausibly give rise to an entitlement to relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).  Although a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure is viewed with disfavor and is rarely granted, *Turner v. Pleasant*, 663 F.3d 770, 775 (5th Cir. 2011) (citing *Harrington*, 563 F.3d at 147), a complaint must contain sufficient factual allegations, as opposed to legal conclusions, to state a claim for relief that is "plausible on its face." *See Iqbal*, 556 U.S. at 678; *Patrick v. Wal-Mart, Inc.*, 681 F.3d 614, 617 (5th Cir. 2012).

## III.  ANALYSIS

### A.  Trespass to Try Title Claim

"An action in trespass to try title is the method of determining title to lands, tenements, or other real property." *Hurd v. BAC Home Loans Servicing, LP*, 880 F. Supp. 2d 747, 767 (N.D. Tex. 2012) (quoting Tex. Prop. Code § 22.001).  In general, a trespass to try title claim is "to recover the possession of land unlawfully withheld

from the owner and to which he has the right of immediate possession." *Id.* (quoting *Rocha v. Campos*, 574 S.W.2d 233, 236 (Tex. App. – Corpus Christi 1978, no writ)) To state a claim for trespass to try title, the plaintiff must allege, *inter alia*, that the defendant "unlawfully entered upon and dispossessed him of such premises, stating the date, and withholds from him the possession thereof." *See* TEX. R. CIV. P. 783(e); *see also* Tex. R. Civ. P. 784 ("The defendant in the action shall be the person in possession if the premises are occupied, or some person claiming title thereto in case they are unoccupied.").

Plaintiff does not alleges that CMI has dispossessed him of the Property. Indeed, he alleges specifically that he is "currently in possession of the Property." *See* First Amended Complaint, ¶¶ 12, 14. As a result, Plaintiff has failed to plead a viable trespass to try title claim, and Defendant's Motion to Dismiss the claim is **granted**.

### B. Breach of Contract Claim

Plaintiff alleges that CMI breached a contract because it entered into an oral contract whereby it promised not to take any action to foreclose on the property while the parties were in loan modification negotiations. *See id.*, ¶ 16. Under Texas law, the statute of frauds requires all loan agreements involving more the $50,000.00 to be in writing and signed by the party to be bound in order to be enforceable. *See* TEX. BUS. & COM. CODE § 26.02(b). A "loan agreement" for purposes of the statute of frauds

is defined to include promises by a financial institution to "delay repayment of money . . . or make a financial accommodation." *See* TEX. BUS. & COM. CODE § 26.02(a)(2). Plaintiff's claim that Defendant promised not to foreclose during the loan modification process is barred by the Texas statute of frauds. *See Burnette v. Wells Fargo Bank, N.A.*, 2010 WL 1026968, *5 (E.D. Tex. Feb. 16, 2010) (quoting *Krudop v. Bridge City State Bank*, 2006 WL 3627078, *4 (Tex. App. – Beaumont Dec. 14, 2006, pet. denied)).

Plaintiff, in his Response to the Motion to Dismiss, explains that he is not alleging that CMI breached a new oral agreement not to foreclose but is, instead, asserting that CMI cannot argue that he is in default under the original loan agreement because CMI induced the default. *See* Response [Doc. # 13], pp. 1-2. Plaintiff cites *Montalvo v. Bank of Am. Corp.*, 864 F. Supp. 2d 567, 582 (W.D. Tex. 2012), to support his argument. Plaintiff's reliance on the Western District of Texas's 2012 opinion in *Montalvo* is unavailing. In 2013, the *Montalvo* court held unequivocally that any claim of "waiver fails because the claim would solely rely on evidence of unenforceable oral representations allegedly made by Defendants." *Montalvo v. Bank of Am. Corp.*, __ F. Supp. 2d __, 2013 WL 870088, *8 (W.D. Tex. Mar. 7, 2013).[1]

---

[1] The 2012 *Montalvo* decision was on review of a Magistrate Judge's Report and Recommendation. The district court noted that the Magistrate Judge treated the plaintiff's claim as a claim to enforce an alleged oral modification rather than a claim

The *Montalvo* court in 2013 noted that allowing a borrower to avoid foreclosure by arguing that he was induced to default based on an oral promise not to foreclose during loan modification negotiations "would allow Plaintiff to circumvent the statute of frauds by essentially enforcing an unenforceable modification agreement." *Id.* This Court agrees. Plaintiff's breach of contract claim, even as clarified in the Response, is barred by the Texas statute of frauds. As a result, Defendant's Motion to Dismiss the breach of contract claim is **granted**.

### C. Fraud Claim

Defendant argues that Plaintiff's fraud claim should be dismissed for failure to comply with the pleading requirements of Rule 9 of the Federal Rules of Civil Procedure.[2] Rule 9(b) requires that "[i]n all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity." FED. R. CIV. P. 9(b); *see Leatherman v. Tarrant Cty. Narcotics Intelligence Unit*, 507 U.S.

---

that the defendant could not assert that the plaintiff was in default under the original loan agreement because the defendant induced the default. *See Montalvo*, 864 F. Supp. 2d 567, 584 (W.D. Tex. 2012). As a result, the district judge directed the defendant to file a supplemental motion. Once the issue had been defined by the supplemental motion and briefed by the parties, the *Montalvo* court in 2013 ruled that the breach of contract claim based on a "waiver" or related theory failed because it relied on unenforceable oral representations that were within the statute of frauds. *See Montalvo*, __ F. Supp. 2d __, 2013 WL 870088, *8 (W.D. Tex. Mar. 7, 2013).

2    Defendant states affirmatively that it "does not argue Plaintiff's fraud claim is barred by the economic loss rule." *See* Reply [Doc. # 15], p. 3.

163, 168-69 (1993); *Hart v. Bayer Corp.*, 199 F.3d 239, 247 n.6 (5th Cir. 2000). In particular, the pleadings should "specify the statements contended to be fraudulent, identify the speaker, state when and where the statements were made, and explain why the statements were fraudulent." *Southland Securities Corp. v. INSpire Ins. Solutions, Inc.*, 365 F.3d 353, 362 (5th Cir. 2004) (quoting *Williams v. WMX Technologies, Inc.*, 112 F.3d 175, 177-78 (5th Cir. 1997)); *see also Shandong Yinguang Chem. Indus. Joint Stock Co., Ltd. v. Potter*, 607 F.3d 1029, 1032 (5th Cir. 2010) ("Put simply, Rule 9(b) requires the who, what, when, where, and how to be laid out." (internal quotation marks and citation omitted)). Rule 9(b) requires a plaintiff to allege the existence of facts sufficient to warrant the pleaded conclusion that fraud has occurred. *See In Re Haber Oil Co.*, 12 F.3d 426, 439 (5th Cir. 1994). While fraud must be plead with particularity, it "may be pleaded without long or highly detailed particularity." *Guidry v. United States Tobacco Co.*, 188 F.3d 619, 632 (5th Cir. 1999).

Plaintiff identifies with particularity the allegedly fraudulent statements. Plaintiff alleges that CMI's "representatives informed [him] that he was not allowed to make any mortgage payments while in loan modification status." *See* First Amended Complaint, ¶¶ 9, 18. Plaintiff alleges that CMI's representatives also "informed him that he was to ignore any foreclosure notices that he received while in loan modification status [and] that they would not take any action to foreclose on the

Property while in loan modification status." *Id.*  Although Plaintiff does not identify the speaker by name, his First Amended Complaint can reasonably be understood to allege that the statements were made by CMI's representatives with whom he dealt in connection with the loan modification negotiations. *See id.*  Plaintiff identifies the time frame during which the statements were made – during the loan modification process prior to the foreclosure on November 6, 2012.  *See id.*, ¶¶ 9-11.  Plaintiff alleges that the representations were false, and that CMI made the statements as positive assertions either knowingly or recklessly. *See id.*, ¶ 18.  Plaintiff alleges that CMI intended that he act in reliance on the representations, that he actually relied on the statements, and that he suffered resulting injury when CMI foreclosed on his home and purchased it at the foreclosure sale.  *See id.*, ¶¶ 11, 18.

Plaintiff has satisfied the pleading requirements of Rule 9, and Defendant's Motion to Dismiss the fraud claim is **denied**.

## IV. CONCLUSION AND ORDER

Based on the foregoing, it is hereby

**ORDERED** that Defendant CitiMortgage, Inc.'s Motion to Dismiss [Doc. # 9] is **GRANTED** as to the trespass to try title and breach of contract claims and **DENIED** as to the fraud claim.  All deadlines in the Court's Docket Control Order [Doc. # 9] remain in effect.

SIGNED at Houston, Texas this 28th day of **May, 2013**.

                                                              _____
                                                              Nancy F. Atlas
                                                              United States District Judge