# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | | |
|---|---|---|
| PHILLIP MARTINEZ, | § | |
|    Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-13-0727 |
| | § | |
| CITIMORTGAGE, INC., | § | |
|    Defendant. | § | |

## MEMORANDUM AND ORDER

This foreclosure case is before the Court on the Motion for Summary Judgment [Doc. # 18] filed by Defendant CitiMortgage, Inc. ("CMI") seeking summary judgment on Plaintiff Phillip Martinez's fraud claim.[1]  Martinez filed a timely Response [Doc. # 19].  Based on the Court's review of the full record and the applicable legal authorities, the Court **grants** the Motion for Summary Judgment.

## I. BACKGROUND

On June 11, 2007, as part of his purchase of property in Channelview, Texas (the "Property"), Plaintiff executed a Note for $75,000.00 payable to Fieldstone Mortgage Company ("Fieldstone").  Plaintiff also executed a Deed of Trust with Fieldstone as the Lender, Mortgage Electronic Registration Systems, Inc. ("MERS")

---

[1] By Memorandum and Order [Doc. # 16] entered May 28, 2013, the Court dismissed Plaintiff's trespass to try title and breach of contract claims.

as the Beneficiary, and Rob V. Budhwa as the Trustee. The Note and Deed of Trust were transferred to CMI, who acted also as the loan servicer.

During the term of the loan, Plaintiff began to experience financial difficulties. Plaintiff alleges that he contacted CMI and entered into debt restructuring negotiations in an attempt to modify the terms and conditions of the Note. Plaintiff alleges that CMI's representative told him not to make any mortgage payments during the loan modification process. Plaintiff alleges further that CMI's representative told him to ignore any foreclosure notices that he received and promised that CMI would not take any action to foreclose on the Property while the loan was in modification status. CMI conducted a foreclosure sale of the Property on November 6, 2012.

Plaintiff filed this lawsuit in Texas state court, asserting causes of action for trespass to try title, breach of contract, and common law fraud. On March 15, 2013, CMI filed a timely Notice of Removal. The Court has dismissed all but the fraud claim, on which Defendant now seeks summary judgment. The Motion is ripe for decision.

## II. APPLICABLE LEGAL STANDARD

Rule 56 of the Federal Rules of Civil Procedure mandates the entry of summary judgment who fails to make a sufficient showing of the existence of an element essential to the party's case, and on which that party will bear the burden at trial.

*Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Little v. Liquid Air Corp.,* 37 F.3d 1069, 1075 (5th Cir. 1994) (*en banc*); *see also Baton Rouge Oil and Chem. Workers Union v. ExxonMobil Corp.,* 289 F.3d 373, 375 (5th Cir. 2002). Summary judgment "should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a); *Celotex*, 477 U.S. at 322-23; *Weaver v. CCA Indus., Inc.*, 529 F.3d 335, 339 (5th Cir. 2008).

For summary judgment, the initial burden falls on the movant to identify areas essential to the non-movant's claim in which there is an "absence of a genuine issue of material fact." *Lincoln Gen. Ins. Co. v. Reyna*, 401 F.3d 347, 349 (5th Cir. 2005). The moving party, however, need not negate the elements of the non-movant's case. *See Boudreaux v. Swift Transp. Co.*, 402 F.3d 536, 540 (5th Cir. 2005). The moving party may meet its burden by pointing out "'the absence of evidence supporting the nonmoving party's case.'" *Duffy v. Leading Edge Prods., Inc.*, 44 F.3d 308, 312 (5th Cir. 1995) (quoting *Skotak v. Tenneco Resins, Inc.,* 953 F.2d 909, 913 (5th Cir. 1992)).

If the moving party meets its initial burden, the non-movant must go beyond the pleadings and designate specific facts showing that there is a genuine issue of material fact for trial. *Littlefield v. Forney Indep. Sch. Dist.*, 268 F.3d 275, 282 (5th Cir. 2001)

(internal citation omitted). "An issue is material if its resolution could affect the outcome of the action. A dispute as to a material fact is genuine if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *DIRECT TV Inc. v. Robson*, 420 F.3d 532, 536 (5th Cir. 2006) (internal citations omitted).

In deciding whether a genuine and material fact issue has been created, the court reviews the facts and inferences to be drawn from them in the light most favorable to the nonmoving party. *Reaves Brokerage Co. v. Sunbelt Fruit & Vegetable Co.*, 336 F.3d 410, 412 (5th Cir. 2003). A genuine issue of material fact exists when the evidence is such that a reasonable jury could return a verdict for the non-movant. *Tamez v. Manthey*, 589 F.3d 764, 769 (5th Cir. 2009) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). The non-movant's burden is not met by mere reliance on the allegations or denials in the non-movant's pleadings. *See Diamond Offshore Co. v. A&B Builders, Inc.*, 302 F.3d 531, 545 n.13 (5th Cir. 2002). Likewise, "conclusory allegations" or "unsubstantiated assertions" do not meet the non-movant's burden. *Delta & Pine Land Co. v. Nationwide Agribusiness Ins. Co.*, 530 F.3d 395, 399 (5th Cir. 2008). Instead, the nonmoving party must present specific facts which show "the existence of a genuine issue concerning every essential component of its case." *Am. Eagle Airlines, Inc. v. Air Line Pilots Ass'n, Int'l*, 343 F.3d 401, 405 (5th Cir. 2003) (citation and internal quotation marks omitted). In the

absence of any proof, the court will not assume that the non-movant could or would prove the necessary facts. *Little*, 37 F.3d at 1075 (citing *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 888 (1990)).

The Court may make no credibility determinations or weigh any evidence, and must disregard all evidence favorable to the moving party that the jury is not required to believe. *See Chaney v. Dreyfus Serv. Corp.*, 595 F.3d 219, 229 (5th Cir. 2010) (citing *Reaves Brokerage Co.*, 336 F.3d at 412-413). The Court is not required to accept the nonmovant's conclusory allegations, speculation, and unsubstantiated assertions which are either entirely unsupported, or supported by a mere scintilla of evidence. *Id.* (citing *Reaves Brokerage*, 336 F.3d at 413).

## III. ANALYSIS

"Under Texas law, the elements of a fraud cause of action are: (1) a material representation was made; (2) it was false when made; (3) the speaker either knew it was false, or made it without knowledge of its truth; (4) the speaker made it with the intent that it should be acted upon; (5) the party acted in reliance; and (6) the party was injured as a result." *Coffel v. Stryker Corp.*, 284 F.3d 625, 631 (5th Cir. 2002) (citing *Formosa Plastics Corp. USA v. Presidio Eng'rs & Contractors, Inc.*, 960 S.W.2d 41, 47 (Tex. 1998)). In this case, Plaintiff has failed to present any evidence to raise a genuine issue of material fact in support of his fraud claim. Instead, in the

Response, Plaintiff cites exclusively to his Amended Complaint and asserts without supporting evidence that the elements of his fraud claim are "undisputed." Absent evidence to support the fraud claim, Defendant is entitled to summary judgment.

Additionally, Plaintiff failed to respond or object to Defendant's Request for Admissions. As a result, pursuant to Rule 36(a)(3) of the Federal Rules of Civil Procedure, the matters in the Request for Admissions are deemed admitted.[2] *See Hulsey v. Texas*, 929 F.2d 168, 171 (5th Cir. 1991); *Murrell v. Casterline*, 307 F. App'x 778, 780 (5th Cir. 2008); *Lockett v. Wal-Mart Stores, Inc.*, 337 F. Supp. 2d 887, 889 (E.D. Tex. 2004); *Kirksey v. America's Servicing Co.*, 2013 WL 3992179, *3 (S.D. Tex. Aug. 2, 2013). Plaintiff has admitted that "CMI did not make any false representation" and that he has "not been damaged by any action of CMI." *See* Requests for Admission [Doc. # 18-6], No. 1; No. 19. As a result of these admissions, Plaintiff cannot establish the necessary elements of his fraud claim. Defendant is entitled to summary judgment.

---

[2] CMI served its Request for Admissions on Plaintiff on August 29, 2013. In its Motion for Summary Judgment filed November 25, 2013, CMI relied on Plaintiff's failure to respond to the Request for Admissions. Neither in the Response filed December 4, 2013, nor in any other filing in this case, does Plaintiff address his failure to respond.

## IV.     CONCLUSION AND ORDER

Plaintiff has failed to present any evidence to support his fraud claim, and his deemed admissions establish that there is no genuine issue of material fact.  Defendant is entitled to judgment on Plaintiff's fraud claim, and it is hereby

**ORDERED** that Defendant's Motion for Summary Judgment [Doc. # 18] is **GRANTED** and this case is **DISMISSED WITH PREJUDICE**.  The Court will issue a separate final judgment.

SIGNED at Houston, Texas, this **16th** day of **December, 2013.**

_____
Nancy F. Atlas
United States District Judge